UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**KENNETH RAY HUTTON**

       **Plaintiff,**

v.                                                    **CIVIL ACTION 2:17-cv-00573**

**NANCY A. BERRYHILL,**
**Acting Commissioner of Social Security,**

       **Defendant.**

**PROPOSED FINDINGS AND RECOMMENDATION**

Pending before this Court is Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF No. 7), Brief in Support of Defendant's Decision (ECF No. 8) and Plaintiff's Reply to Defendant's Brief in Support of Defendant's Decision (ECF No. 9).

Background

On June 3, 2013, Kenneth Ray Hutton, Claimant, protectively applied for disability and disability insurance benefits (DIB) under Title II of the Social Security Act, alleging disability beginning on February 27, 2010. The claim was denied initially on June 3, 2013, and upon reconsideration on October 15, 2013. Claimant filed a written request for hearing before an Administrative Law Judge (ALJ) on November 25, 2013. Claimant appeared for the hearing in Huntington, West Virginia, and the ALJ presided over the hearing by video from St. Louis, Missouri on March 31, 2015. In the Decision dated May 22, 2015, the ALJ determined that based on the application for a period of disability and disability insurance benefits, the Claimant was not disabled under sections 216(i) and 223(d) of the Social Security Act. Claimant filed a Request for Review of Hearing Decision by the Appeals Council

(AC). Claimant requested that the ALJ's decision be reviewed by the AC. On August 31, 2016, the AC denied Claimant's request for review of the ALJ's decision (Tr. at 7-13). The AC stated that "We found no reason under our rules to review the Administrative Law Judge's decision" (Tr. at 7). The AC held:

> In looking at your case, we considered the reasons you disagree with the decision and the additional evidence listed on the enclosed Order of Appeals Council. We considered whether the Administrative Law Judge's action, findings or conclusion is contrary to the weight of the evidence currently of record.
>
> We found that this information does not provide a basis for changing the Administrative Law Judge's decision.
>
> We also looked at medical records from Huntington VAMC[1] dated February 26, 2014, through October 29, 2014 (101 pages). This document is not new because it is a copy of Exhibit 10F and Exhibit 12F/39-135 (Tr. at 8).

On August 31, 2016, the AC made 242 pages of medical records additional evidence received from Claimant part of the record (Tr. at 12). That evidence consists of the following exhibits:

| Exhibit 10E | Representative Brief Dated June 10, 2015 (3 pages) |
|---|---|
| Exhibit 13F | Medical records from Huntington VAMC dated February 14, 2014 through May 29, 2015 (242 pages) (Tr. at 12). |

On September 28, 2016, Claimant sent a letter requesting that the AC vacate its August 31, 2016, denial and remand this case for consideration of the previously submitted updated Veterans Affairs (VA) disability decision.

On November 16, 2016, a Notice of AC Action stated:

---

[1] Veterans Affairs Medical Center

2

> This is about your request for review of the Administrative Law Judge's decision dated May 22, 2015.
>
> **We Are Setting Aside Our Earlier Action**
>
> On August 31, 2016, we told you that we had denied your request for review. We are now setting aside our earlier action to consider additional information.
>
> **We Have Again Denied Your Request for Review**
>
> We found no reason under our rules to review the Administrative Law Judge's decision. Therefore, we have denied your request for review.
>
> This means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case (Tr. at 1).

On November 16, 2016, an Order of Appeals Council stated that the additional evidence made part of the record consists of the following exhibits:

| | |
|---|---|
| Exhibit 10E | Representative Brief Dated June 10, 2015 (3 pages) |
| Exhibit 11E | Representative Brief dated September 28, 2016 (4 pages) |
| Exhibit 13F | Medical records from Huntington VAMC dated February 14, 2014 through May 29, 2015 (242 pages) |
| Exhibit 14F | Medical Records from Huntington VA Regional Office dated January 15, 2016 through March 11, 2016 (16 pages) (Tr. at 5) |

Claimant brought the present action requesting this Court to review the decision of the defendant and that upon review, it reverse and remand the decision "for the correction of errors made" (ECF No. 7).

3

## Standard of Review

Under 42 U.S.C. § 423(d)(5), a claimant for disability has the burden of proving a disability. *See Blalock v. Richardson*, 483 F.2d 773, 774 (4th Cir. 1972). A disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable impairment which can be expected to last for a continuous period of not less than 12 months . . . ." 42 U.S.C. § 423(d)(1)(A).

The Social Security Regulations establish a "sequential evaluation" for the adjudication of disability claims. 20 C.F.R. § 404.1520 (2017). If an individual is found "not disabled" at any step, further inquiry is unnecessary. *Id.* § 404.1520(a). The first inquiry under the sequence is whether a claimant is currently engaged in substantial gainful employment. *Id.* § 404.1520(b). If the claimant is not, the second inquiry is whether claimant suffers from a severe impairment. *Id.* § 404.1520(c). If a severe impairment is present, the third inquiry is whether such impairment meets or equals any of the impairments listed in Appendix 1 to Subpart P of the Administrative Regulations No. 4. *Id.* § 404.1520(d). If it does, the claimant is found disabled and awarded benefits. *Id.* If it does not, the fourth inquiry is whether the claimant's impairments prevent the performance of past relevant work. *Id.* § 404.1520(e). By satisfying inquiry four, the claimant establishes a *prima facie* case of disability. *Hall v. Harris,* 658 F.2d 260, 264 (4th Cir. 1981). The burden then shifts to the Commissioner, *McLain v. Schweiker*, 715 F.2d 866, 868-69 (4th Cir. 1983), and leads to the fifth and final inquiry: whether the claimant is able to perform other forms of substantial gainful activity, considering claimant's remaining physical and mental capacities and claimant's age, education and prior work experience. 20 C.F.R. § 404.1520(f) (2017). The Commissioner must show two things: (1) that the claimant, considering claimant's age, education, work experience, skills and physical shortcomings, has the capacity to perform an alternative job,

and (2) that this specific job exists in the national economy. *McLamore v. Weinberger*, 538 F.2d 572, 574 (4th Cir. 1976).

In this particular case, the ALJ determined that Claimant satisfied the first inquiry because he has not engaged in substantial gainful activity since February 27, 2010, and meets the insured status requirements through December 31, 2015 (Tr. at 20). Under the second inquiry, the ALJ found that Claimant suffers from the severe impairments of status post cervical discectomy, status post knee surgeries and osteoarthritis. (*Id.*) At the third inquiry, the ALJ concluded that Claimant did not have an impairment or combination of impairments that met or medically equaled the level of severity of any listing in Appendix 1 (Tr. at 22). The ALJ then found that Claimant has a residual functional capacity to perform light work.[2] As a result, the ALJ determined that Claimant is not capable of performing his past relevant work (Tr. at 25). The ALJ held that Claimant could perform jobs such as a cashier-2, merchandise-marker and mail clerk (Tr. at 26). On this basis, benefits were denied. (*Id.*)

## Scope of Review

The sole issue before this court is whether the final decision of the Commissioner denying the claim is supported by substantial evidence. In *Blalock v. Richardson*, substantial evidence was defined as:

> [E]vidence which a reasoning mind would accept as sufficient to support a particular conclusion. It consists of more than a mere scintilla of evidence but may be somewhat less than a preponderance. If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is "substantial evidence."

---

[2] The ALJ ordered that Claimant had the residual functional capacity to perform light work except he can never climb ladders, ropes or scaffolds, and only occasionally climb ramps or stairs, balance, stoop, kneel, crouch or crawl. He should avoid concentrated exposure to extreme heat and cold, excessive vibration and unprotected heights. Furthermore, he should be allowed to alternate sitting or standing positions at will, provided that he remains productive (Tr. at 22).

*Blalock v. Richardson*, 483 F.2d 773, 776 (4th Cir. 1972) (quoting *Laws v. Celebrezze*, 368 F.2d 640, 642 (4th Cir. 1966)). Additionally, the Commissioner, not the court, is charged with resolving conflicts in the evidence. *Hays v. Sullivan,* 907 F.2d 1453, 1456 (4th Cir. 1990). Nevertheless, the courts "must not abdicate their traditional functions; they cannot escape their duty to scrutinize the record as a whole to determine whether the conclusions reached are rational." *Oppenheim v. Finch*, 495 F.2d 396, 397 (4th Cir. 1974).

A careful review of the record reveals the decision of the Commissioner in this case is not supported by substantial evidence.

## The Medical Record

The court has reviewed all evidence of record, including the medical evidence of record, and will discuss it further below as necessary.

## Claimant's Challenges to the Commissioner's Decision

Claimant argues that the ALJ erred in failing to properly weigh Claimant's Veterans Affairs Rating Decision and whether this case requires remand to allow the ALJ to properly consider that rating decision along with the post hearing Veterans Affairs Total Grant of Benefits Sought submitted to the Appeals Council (ECF No. 7). In response, Defendant asserts that substantial evidence supports the ALJ's evaluation of the VA Disability Rating (ECF No. 8). Defendant avers that the ALJ's analysis of the VA rating complies with the governing regulations and applicable Fourth Circuit law. (*Id.*)

## Discussion

Additional evidence will be considered by the Appeals Council if it is new and material and relates to the period on or before the ALJ hearing decision. See 20 C.F.R. §§ 404.970(b) and

6

416.1470(b).  SSA has issued HALLEX 1-3-3-6 to clarify when additional evidence is new and material.  According to the HALLEX, this means the evidence is:

1. Not part of the record as of the date of the ALJ decision;
2. Relevant, i.e., involves or is directly related to issues adjudicated by the ALJ; and
3. Relates to the period on or before the date of the hearing decision, meaning it is (a) dated before or on the date of the hearing decision, or (b) postdates the hearing decision but is reasonably related to the time period adjudicated at the hearing.

New evidence, which is first submitted to the Appeals Council, is part of the record which goes to the district court for review.  This is true whether the Appeals Council reviews the case or not. *Keeton v. Department of Health and Human Services*, 21 F.3d 1064, 44 Soc. Sec. Rep. Serv. 248, Unempl. Ins. Rep. (CCH) (11th Cir. 1994).

While the ALJ is required to weigh the relevant medical opinions, he "need not discuss every shred of evidence in the record," and is under no duty to explicitly refer to each exhibit. *Reynolds v. Colvin*, 2014 WL 2852242, at *21 (S.D. W.Va. Aug 19, 2014), *adopted by* 2014 WL 4852250 (S.D. W.Va. September 29, 2014; *McGrady v. Astrue*, 2011 WL 4828884, at *20 (N.D. W.Va. September 16, 2011) (quoting *Mays v. Barnhart,* 227 F. Supp. 2d 443, 448 (E.D. Pa. 2002), *aff'd* 78 F. App'x 808 (3d Cir. Oct. 27, 2003)) ("[t]he ALJ is not required to give an exhaustive discussion of all the exhibits.  'Consideration of all the evidence does not mean that the ALJ must explicitly refer to each and every exhibit in the record.'").

It is not the role of the Court to search for evidence and articulate for the ALJ's decision which the ALJ himself did not articulate.  *See Rhinehardt v. Colvin*, No. 4:12-CV-101-D, 2013 U.S. Dist. LEXIS 75948, 2013 WL 2382303, *2 (E.D.N.C. May 30, 2013) (citation omitted) ("If the ALJ fails to explain why an impairment does not meet the listing criteria, the decision is deficient."); *Tanner v. Astrue*, C/A No. 2:10-1750-JFA, 2011 U.S. Dist. LEXIS 105731, 2011 WL

4368547, *4 (D.S.C. Sept. 19, 2011) (stating "if the ALJ did not rationally articulate grounds for her decision, this court is not authorized to plumb the record to determine reasons not furnished by the ALJ"). In *Radford v. Colvin*, 734 F.3d 288 (4th Cir. 2013), the Fourth Circuit stated that a necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. "If the reviewing court has no way of evaluating the basis for the ALJ's decision, then 'the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.'" *Id.* (quoting *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 744, 105 S. Ct. 1598, 84 L. Ed 2d 643 (1985)).

When read in combination with the applicable regulation, *Wilkins v. Secretary, 953 F.2d 93 (4th Cir. 1991),* reveals that a claimant need not show good cause when submitting new evidence to the Appeals Council:

> A claimant seeking a remand on the basis of new evidence under 42 U.S.C.A. § 405(g) (West 1983) must show that the evidence is new and material and must establish good cause for failing to present the evidence earlier. There is no requirement that a claimant show good cause when seeking to present new evidence before the Appeals Council.

*Wilkins*, 953 F.2d at 96 n.3; *see also* 20 C.F.R. § 416.1471(b) (2014). Instead, "[t]he Appeals Council must consider evidence submitted with the request for review in deciding whether to grant review 'if the additional evidence is (a) new, (b) material, and (c) relates to the period on or before the date of the ALJ's decision.'" *Wilkins*, 953 F.2d at 95-96 (quoting *Williams,* 905 F.2d at 216.) Evidence is new "if it is not duplicative or cumulative." *Id.* at 96 (citing *Williams*, 905 F.2d at 216). "Evidence is material if there is a reasonable possibility that the new evidence would have changed the outcome." *Id.* (citing *Borders v. Heckler*, 777 F.2d 954, 956 (4th Cir. 1985)).

If new and material evidence is submitted after the ALJ's decision, the AC will consider

the additional evidence if it relates to the period on or before the date of the ALJ hearing decision. The AC will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. *See* 20 C.F.R § 404.970(b). When the Appeals Council incorporates new and material evidence into the administrative record but denies review of the ALJ's findings and conclusions, the issue before this Court is whether the Commissioner's decision is supported by substantial evidence in light of "the record as a whole including any new evidence that the Appeals Council specifically incorporated into the administrative record." *Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (remanding for rehearing pursuant to sentence four of 42 U.S.C. § 405(g)) (quoting *Wilkins*, 953 F.2d at 96). If the ALJ's decision is not supported by substantial evidence, then a sentence four remand is appropriate.

Claimant's office treatment records from the Huntington VA Medical Center from June 21, 2010, through October 30, 2014, were admitted into evidence[3] prior to the ALJ's determination. On May 22, 2015, the ALJ denied Claimant's application for disability (Tr. at 26). The ALJ assigned "little weight" to the VAMC's disability rating of Claimant (Tr. at 25).

The Social Security regulations provide that "evidence" includes "[d]ecisions by any governmental or nongovernmental agency about whether you are disabled or blind." 20 C.F.R. § 4 04.1512(b)(5) (2017). The decision of another agency is not binding on the SSA, 20 C.F.R. §

---

[3] Office treatment records from the Huntington VAMC dated June 21, 2010 to June 2, 2013, are admitted as Exhibit 6F. Office treatment records from the Huntington VAMC dated April 17, 2013 August 28, 2013, are admitted as Exhibit 7F. Office treatment records from the Huntington VAMC dated August 28, 2013 to October 8, 2013, are admitted as Exhibit 8F. Office treatment records from the Huntington VAMC dated August 28, 2013 to February 6, 2014, are admitted as Exhibit 9F. Office treatment records from the Huntington VAMC dated February 26, 2014, are admitted as Exhibit 10F. Office treatment records from the Huntington VAMC dated March 3, 2014 to October 30, 2014, are admitted as Exhibit 12F.

404.1504, but the SSA is required to evaluate all the evidence, including decisions by other agencies. Moreover, Social Security Ruling 06-03p states that "evidence of a disability decision by another governmental . . . agency cannot be ignored and must be considered." The Ruling provides that "the adjudicator should explain the consideration given to these decisions in the notice of decision for hearing cases . . .."

The Fourth Circuit has held that "the disability determination of a state administrative agency is entitled to consideration in a SSA disability proceeding…. [A]lthough the SSA will accept another agency's disability determination as evidence of a claimant's condition that agency's decision is not binding on the SSA." *Bird v. Commissioner of Social Sec. Admin.*, 699 F.3d 337, 343 (4th Cir. 2012).

In *Bird*, the Fourth Circuit discussed the role that disability decisions by governmental agencies play in the SSA's disability determination process. Pointing to circuit precedent and social security directives, the Court stated the general rule is that while these decisions are not binding on the SSA, they "cannot be ignored and must be considered" when determining a claimant's eligibility for social security disability benefits. *Halstead v. Colvin, 2015 U.S. Dist. LEXIS 15281 (S.D. W.Va., January 8, 2015)* (citing *DeLoatche v. Heckler*, 715 F.2d 148, 150 n. 1 (4th Cir. 1983) and SSR 06-03p, 2006 SSR LEXIS 5, 2006 WL 2329939, at *6 (Aug. 9, 2006)).[4]

---

[4] SSR 06-03p, 2006 SSR LEXIS 5 provides inter alia:

> Under sections 221 and 1633 of the Social Act, only a State agency or the Commissioner can make a determination based on Social Security law that you are blind or disabled. Our regulations at 20 CFR 404.1527(e) and 416.927(e) make clear that the final responsibility for deciding certain issues, such as whether you are disabled, is reserved to the Commissioner (see also SSR 96-5p, 1996 SSR LEXIS 2 "Titles II and XVI: Medical Source Opinions on Issues Reserved to the Commissioner"). However, we are required to evaluate all the evidence in the case record that may have a bearing on our determination or decision of disability, including decisions by other governmental and nongovernmental agencies (20 CFR 404.1512(b)(5) and 416.912(b)(5)). Therefore, evidence of a disability

The claimant in *Bird* had been awarded disability benefits through the VA, but was found not disabled by an ALJ under the Social Security Act. The district court affirmed the Commissioner's decision. On appeal, the claimant argued, in relevant part, that the ALJ had failed to afford adequate weight to the VA's disability determination. In considering the argument, the Fourth Circuit acknowledged that it had not previously addressed the precise weight that the SSA should give to disability ratings by the VA and noted that sister circuits had found varying degrees of deference to be appropriate. The Court reasoned that "both the VA and Social Security programs serve the same governmental purpose of providing benefits to persons unable to work because of a serious disability." *Id.* In addition, "[b]oth programs evaluate a claimant's ability to perform full-time work in the national economy on a sustained and continuing basis; both focus on analyzing a claimant's functional limitations; and both require claimants to present extensive medical documentation in support of their claims." *Id.* (citing *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). Consequently, the Court concluded that "because the purpose and evaluation methodology of both programs are closely related, a disability rating by one of the two agencies is highly relevant to the disability determination of the other agency." *Id.* Thus, the Court held:

> [I]n making a disability determination, the SSA must give substantial weight to a VA disability rating. However, because the SSA employs its own standards for evaluating a claimant's alleged disability, and because the effective date of coverage for a claimant's disability under the two programs likely will vary, an ALJ may give less weight to a VA disability rating when the record before the ALJ clearly demonstrates that such a deviation is appropriate.

---

decision by another governmental or nongovernmental agency cannot be ignored and must be considered.

In *Wyche v. Colvin*, 2014 U.S. Dist. LEXIS 62589 (E.D. Va., March 25, 2014), the court found that the opinion in *Bird* created a new standard. The court held that a presumption of substantial weight given to the VA's determination under the new *Bird* standard now requires the ALJ to "explain" why he departed from "substantial weight." *Wyche* citing *Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (ALJ departing from substantial weight must give "specific, valid reasons for doing so that are supported by the record.").

In the present case, the ALJ's decision is dated May 22, 2015. Claimant requested the AC review the ALJ's decision.[5] On March 11, 2016, the Department of Veterans Affairs sent Claimant a letter stating:

> We received a Notice of Disagreement (NOD) from you on July 18, 2014, about one or more of our earlier decisions. Based on a review of the evidence listed in the attached decision, we have made the following decisions on your claim.
>
> THIS IS CONSIDERED A TOTAL GRANT OF BENEFITS SOUGHT ON APPEAL.
>
> We granted entitlement to the 100% rate effective July 11, 2011, because you are unable to work due to your service connected disabilities.
>
> Basic eligibility to Defendants' Educational Assistance is established from July 11, 2011.
>
> Your overall combined rating remains 80% from September 28, 2004. However, you are being paid at the 100% rate based on Individual Unemployability. We do not add the individual percentages of each condition to determine your combined rating. We use a combined rating table that considers the effect from the most serious to the least serious conditions.
>
> We have enclosed a copy of your Decision Review Officer (DRO) Decision for your review. It provides a detailed explanation of our decision, the evidence considered, and the reasons for our decision.

---

[5] The Request for Review of Hearing Decision/Order form in the record does not reflect a date (Tr. at 14).

> Your DRO Decision and this letter constitute our decision based on your NOD received on July 18, 2014. It represents all claims we understood to be specifically made, implied or inferred in that complaint. (Tr. at 2044).

Exhibit 14F includes a determination from the VAMC dated March 11, 2016, regarding Claimant's appeal of the VAMC's prior determination. Additionally, Exhibit 14F includes a copy of the Decision Review Officer's (DRO) decision. On March 29, 2016, the updated VA determination letter was submitted by Claimant's counsel to the AC (Tr. 2042-2056). The AC denied Claimant's request for review on August 31, 2016.

On September 28, 2016, Claimant's counsel sent a letter to the AC requesting that the AC's decision be vacated and revised (Tr. at 270-272). Claimant's letter stated:

> I am in receipt of your Notice denying Mr. Hutton's Request for Review, dated August 31, 2016. On behalf of Mr. Hutton "I respectfully request that you vacate" your decision and reopen his Request for Review in order to review evidence submitted to the Appeals Council on March 29, 2016, which was not included in his file or considered in making your decision.
>
> Enclosed with this letter is a copy of a March 11, 2016, letter from the Department of Veterans Affairs granting entitlement to a 100% rating to Mr. Hutton retrospectively to July 11, 2011, along with the Veterans Affairs Rating Decision ("VARD") dated January 15, 2016 (16, pages including fax cover sheet to the Appeals Counsel). Also enclosed is the fax transmission sheet showing that these documents were faxed to and received by the Appeals Council on March 29, 2016.
>
> In your decision, you reference medical evidence which was sent to the Appeals Council after Mr. Hutton filed his Request for Review on June 11, 2015. However, you make no reference to the VARD that was sent to the Appeals Council more than five months prior to your decision. It appears that it was never associated with Mr. Hutton's file or considered in making the decision.
>
> Since neither the ALJ nor the Appeals Council were aware of this increase in rating from the Department of Veterans Affairs, a

>review is necessary, especially in light of the 4th Circuit Court of Appeals decision in <u>Bird v. Comm'r of SSA</u>, 699 F.3d 337 (4th Cir. 2012). The ALJ did not give the required substantial weight to the 80% Veterans Affairs rating that Mr. Hutton had been awarded at the time of this hearing, but this increased rating, retroactively, is certainly new and material evidence requiring a remand to allow the ALJ to consider it (Tr. at 270-272).

On November 16, 2016, the AC vacated the August 31, 2016, determination in order to consider additional evidence. The newly submitted letter from the Department of Veterans Affairs stated that Claimant's rating increased from 80% to 100%, however, the AC stated that the new rating increase received would not have changed their decision to decline review of the ALJ's decision (Tr. at 1-6).

The ALJ did not have the opportunity to review the updated VA determination entered by the AC as Exhibit 14F. Therefore, the ALJ's decision is not based on the entire evidence of record. The newly submitted evidence stating that Claimant's rating had increased to 100% may have changed the ALJ's decision.

## Conclusion

Accordingly, the ALJ did not consider Exhibit 14F as it was admitted into evidence by the AC. Exhibit 14F includes the VA's award following appeal dated March 11, 2016 (Tr. at 2043-256). It is reasonably possible that Exhibit 14F may have changed the ALJ's determinations. Therefore, the ALJ's decision is not supported by substantial evidence as he has not reviewed the record as a whole. The undersigned respectfully recommends that the District Judge remand this case and direct the ALJ to consider the record as a whole.

Accordingly, it is hereby respectfully **RECOMMENDED** that the presiding District Judge **GRANT** the Plaintiff's Brief in Support of Motion for Judgment on the Pleadings (ECF No. 7) to

the extent Plaintiff seeks remand pursuant to sentence four of 42 U.S.C. § 405(g), **DENY** the Defendant's Brief in Support of Defendant's Decision (ECF No. 8), **REVERSE** the final decision of the Commissioner, and **REMAND** this case for further proceedings pursuant to the fourth sentence of 42 U.S.C. § 405(g) and **DISMISS** this matter from this Court's docket.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. *Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *Wright v. Collins*, 766 F.2d 841, 846 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to transmit a copy of the same to counsel of record.

Enter:  January 16, 2018

Dwane L. Tinsley
United States Magistrate Judge